## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CITIZENS UNITED RECIPROCAL EXCHANGE, | ) |
| | ) |
| Plaintiff, | ) No. 4:24-cv-13008 |
| | Hon. Shalina D. Kumar |
| v. | ) Mag. Judge Kimberly G. Altman |
| | ) |
| STEVEN M. GURSTEN; MICHIGAN AUTO LAW, P.C.; and ABC CORPORATIONS 1-10, | ) |
| | ) |
| Defendants. | ) |

---

## PLAINTIFF'S MOTION FOR LEAVE
## TO FILE A SECOND AMENDED COMPLAINT

---

Pursuant to Fed. R. Civ. P. 15(a)(2), and E.D. Mich. L.R. 15.1, Plaintiff Citizens United Reciprocal Exchange ("CURE") hereby moves this Court for leave to file a Second Amended Complaint.

Counsel for CURE and counsel for Defendants Steven M. Gursten ("Gursten") and Michigan Auto Law, P.C. ("Michigan Auto Law") (collectively, "Defendants") held a telephone conference on April 24, 2025, to discuss the nature of this motion and the relief sought, pursuant to E.D. Mich. L.R. 7.1(a). Defendants' counsel did not concur.

WHEREFORE, CURE respectfully requests that this Honorable Court enter an Order granting CURE leave to file a Second Amended Complaint.

Respectfully submitted,

By:    */s/ Timothy A. Diemer*
       Timothy A. Diemer
       Nathan G. Peplinski
       Samantha M. McLeod
       **Jacobs and Diemer, P.C.**
       211 West Fort Street, Suite 1400
       Detroit, Michigan 48226
       (313) 965-1900

       */s/ Anthony Argiropoulos*
       Anthony Argiropoulos
       Robert Lufrano
       **Baker, Donelson, Bearman,**
       **Caldwell & Berkowitz, PC**
       4365 Route 1 South, Suite 301
       Princeton, New Jersey 08540
       (609) 490-4860

       *Attorneys for Plaintiff*
       *Citizens United Reciprocal Exchange*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

CITIZENS UNITED RECIPROCAL
EXCHANGE,

        Plaintiff,

v.

STEVEN M. GURSTEN; MICHIGAN
AUTO LAW, P.C.; and ABC
CORPORATIONS 1-10,

        Defendants.

)
)
)
)
)
)
)
)

No. 4:24-cv-13008
Hon. Shalina D. Kumar
Mag. Judge Kimberly G. Altman

---

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION
## FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

---

Timothy A. Diemer
Nathan G. Peplinski
Samantha M. McLeod
**Jacobs and Diemer, P.C.**
211 West Fort Street, Suite 1400
Detroit, Michigan 48226
(313) 965-1900

Anthony Argiropoulos
Robert Lufrano
**Baker, Donelson, Bearman,**
**Caldwell & Berkowitz, PC**
4365 Route 1 South, Suite 301
Princeton, New Jersey 08540
(609) 490-4860

*Attorneys for Plaintiff*
*Citizens United Reciprocal Exchange*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...................................................................... ii

CONCISE STATEMENT OF ISSUES PRESENTED ............................................ iii

STATEMENT OF CONTROLLING AUTHORITY ................................................iv

PRELIMINARY STATEMENT .................................................................1

BACKGROUND AND PROCEDURAL HISTORY ..............................................2

LEGAL ARGUMENT ..........................................................................3

I.    CURE'S PROPOSED AMENDMENTS ARE NOT FUTILE ......................4

II.   THERE IS NO UNDUE DELAY OR PREJUDICE.......................................7

CONCLUSION ..................................................................................8

# TABLE OF AUTHORITIES

**Case**                                                                         **Page**

*Coach, Inc. v. Goodfellow*,
    717 F.3d 498, 505-06 (6th Cir. 2013)................................................................6

*Coe v. Bell*,
    161 F.3d 320, 341 (6th Cir. 1988) ...................................................................3

*Foman v. Davis*,
    371 U.S. 178, 182 (1962) ...............................................................................3

*Gamrat v. Allard*,
    320 F. Supp. 3d 927, 941 (W.D. Mich. 2018)................................................6

*Janikowski v. Bendix Corp.*,
    823 F.2d 945, 951 (6th Cir. 1987) ...................................................................4

*Marks v. Shell Oil Co.*,
    830 F.2d 68, 69 (6th Cir. 1987) .......................................................................7

*Moore v. City of Paducah*,
    790 F.2d 557, 559 (6th Cir. 1986) ................................................................6, 7

*Newberry v. Silverman*,
    789 F.3d 636, 645 (6th Cir. 2015) ...................................................................4

*Ohio State Univ. v. Redbubble, Inc.*,
    989 F.3d 435, 442 n.1 (6th Cir. 2021) .............................................................5

*Parker v. Tenneco Inc.*,
    No. 23-cv-10816, 2025 U.S. Dist. LEXIS 76475 (E.D. Mich.
    Apr. 22, 2025).................................................................................................4

*Phelps v. McClellan*,
    30 F.3d 658, 662-63 (6th Cir. 1994)...............................................................7

*Reliable Carriers Inc. v. Moving Sites LLC*,
    309 F. Supp. 3d 473, 478 (E.D. Mich. 2018) .................................................6

*Rose v. Hartford Underwriters Ins. Co.*,
    203 F.3d 417, 421 (6th Cir. 2000) ...................................................................5

*Tefft v. Seward*,
    689 F.2d 637, 639 (6th Cir. 1982) ...................................................................7

*Thompson v. Poindexter*,
    798 F.2d 471, 1986 WL 17207, at *1 (6th Cir. 1986) ....................................4

*Ziegler v. Aukerman*,
    512 F.3d 777, 786 (6th Cir. 2008) ...................................................................7

*Ziegler v. IBP Hog Mkt., Inc.*,
    249 F.3d 509, 519 (6th Cir. 2001) ...................................................................4

## Rules

Fed. R. Civ. P. 12(b)(6) ...........................................................................................5

Fed. R. Civ. P. 15(a)(2) ..................................................................................1, 3, 4, 6

Fed. R. Civ. P. 15(a)(1)(B) .....................................................................................2

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Whether the Court should grant CURE leave to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2) when there is no futility, bad faith, undue delay, or undue prejudice to any opposing party?

   *Suggested Answer*: Yes.

## STATEMENT OF CONTROLLING AUTHORITY

Pursuant to E.D. Mich. L.R. 7.1(d)(2), CURE states that the following authorities are the controlling or most appropriate authorities for the requested relief:

**<u>Statutes/Court Rules</u>**

Fed. R. Civ. P. 15(a)(2)

**<u>Cases</u>**

*Foman v. Davis*, 371 U.S. 178 (1962)

*Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509 (6th Cir. 2001)

*Janikowski v. Bendix Corp.*, 823 F.2d 945 (6th Cir. 1987)

*Moore v. City of Paducah*, 790 F.2d 557 (6th Cir. 1986)

## **PRELIMINARY STATEMENT**

Plaintiff Citizens United Reciprocal Exchange ("CURE") submits this brief in support of its Motion for Leave to File a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). CURE's proposed Second Amended Complaint names Adams Outdoor Advertising ("Adams") as a defendant, adds two new claims for contributory trademark infringement and civil conspiracy, and includes defendant Michigan Auto Law, P.C. ("MAL") to CURE's existing trademark infringement claims against defendant Steven M. Gursten ("Gursten").[1]

CURE's proposed Second Amended Complaint satisfies the liberal standard for leave to amend, which "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). No case management order has been entered in this matter, and discovery has not yet commenced. Thus, there is no futility, bad faith, undue delay, or undue prejudice to any opposing party. For these reasons and those set forth more fully below, CURE respectfully requests that this Court grant its Motion for Leave to File a Second Amended Complaint.

---

[1]   A copy of CURE's proposed Second Amended Complaint is attached as **Exhibit 1**. A redline version of the proposed Second Amended Complaint is attached as **Exhibit 2**.

## BACKGROUND AND PROCEDURAL HISTORY

CURE is a reciprocal insurance exchange that offers Michigan drivers all coverages required by the Michigan Legislature's 2019 reform of the no-fault insurance law (the "No-Fault Law"). *See* FAC ¶¶ 3-4 (ECF No. 19). Gursten is a personal injury lawyer with MAL. *See* FAC ¶ 2. Since February 2024, Gursten has embarked on a campaign to publicly smear CURE with lies in an effort to damage CURE's business and drive up his and MAL's own profits. Gursten has done this repeatedly, in blog posts on MAL's website, on a separate website created specifically to target CURE (whenCUREwontpay.com), in videos published on the internet, and on advertisements published on billboards owned and operated by Adams that infringe upon CURE's trademarks.

CURE filed its original Complaint in this matter on November 13, 2024. (ECF No. 1). Defendants filed a motion to dismiss CURE's initial Complaint on December 30, 2024. (ECF No. 17). On January 20, 2025, CURE filed a First Amended Complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) in response to the alleged deficiencies raised in Defendants' motion. (ECF No. 19). Defendants subsequently filed a motion to dismiss CURE's First Amended Complaint on February 23, 2025, which is currently pending before the Court. (ECF No. 22). No case management order has been entered in this matter and the parties have not commenced discovery.

During the pendency of Defendants' motion, CURE became aware of new facts through the course of additional investigation. In particular, CURE learned that Adams has continued to display new billboard advertisements from Defendants that infringe upon CURE's federally registered trademarks despite having actual and specific notice of Defendants' infringing activity. *See* Proposed SAC ¶¶ 133-137; 215-227. CURE has also confirmed through the course of additional investigation that the 888 chat-line number located on the whenCUREwontpay.com website that is published on these billboards is owned and operated by MAL. In light of these newly discovered facts, CURE seeks to amend its pleading to name Adams a defendant, assert two additional claims for contributory trademark infringement and civil conspiracy, and add MAL to CURE's existing trademark infringement claims against Gursten.

## **LEGAL ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1988) (quoting Fed. R. Civ. P. 15(a)(2)). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15 (a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded.") (internal quotations omitted).

3

The Sixth Circuit has consistently emphasized that Rule 15(a)(2) embodies a liberal standard for granting leave to amend. *See, e.g.*, *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) ("the case law in this Circuit manifests liberality in allowing amendments to a complaint"); *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987) ("it should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint"). Accordingly, "[l]eave to file an amended complaint…should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 519 (6th Cir. 2001). None of the factors weighing against amendment are present here. CURE has acted diligently in seeking leave to amend, the proposed amendments are not brought in bad faith or for dilatory purposes, and there is no undue prejudice to any opposing party since discovery has not yet begun.

## I.   CURE'S PROPOSED AMENDMENTS ARE NOT FUTILE.

CURE should be granted leave to file a Second Amended Complaint because the new claims for contributory trademark infringement and civil conspiracy are not futile and should be decided on the merits. Motions for leave to amend should only be denied if they are "***clearly futile***." *Parker v. Tenneco Inc.*, No. 23-cv-10816, 2025 U.S. Dist. LEXIS 76475 (E.D. Mich. Apr. 22, 2025) (emphasis in original) (quoting *Thompson v. Poindexter*, 798 F.2d 471, 1986 WL 17207, at *1 (6th Cir. 1986)). An

amendment is considered futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). Here, CURE's proposed new claims are not futile because they are supported by sufficient factual allegations that, if proven, would entitle CURE to the relief requested.

Specifically, CURE alleges in its proposed Second Amended Complaint that Adams: (1) maintains direct control of its billboards and the advertisements displayed thereon, (2) received direct notice that two of its billboards are being utilized to infringe upon CURE's trademarks, (3) permitted these billboards to remain displayed, and (4) subsequently approved the production and posting of Defendants' third billboard advertisement despite having specific knowledge of Gursten and MAL's infringing conduct. *See* Proposed SAC ¶¶ 133-137; 215-227. Therefore, CURE alleges that Adams directly and materially contributed to the infringement of CURE's trademarks because Adams knew of Defendants' infringing conduct and continued to facilitate that conduct without undertaking a reasonable investigation or other appropriate remedial measures. *Id.* CURE's claim for contributory trademark infringement is supported by Sixth Circuit law. *See, e.g.*, *Ohio State Univ. v. Redbubble, Inc.*, 989 F.3d 435, 442 n.1 (6th Cir. 2021) (recognizing that "there are two types of secondary liability under the Lanham Act: vicarious trademark infringement and contributory trademark infringement");

5

*Coach, Inc. v. Goodfellow*, 717 F.3d 498, 505-06 (6th Cir. 2013) (holding that a third party can be liable for contributory trademark infringement under the Lanham Act if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement); *Reliable Carriers Inc. v. Moving Sites LLC*, 309 F. Supp. 3d 473, 478 (E.D. Mich. 2018) (denying motion to dismiss and holding that Plaintiff's allegations "are sufficient to permit the Court to draw the reasonable inference that Defendant is liable for contributory infringement").

Furthermore, the proposed Second Amended Complaint sufficiently states a claim for civil conspiracy against Adams and Gursten. "In Michigan, a claim for civil conspiracy requires a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Gamrat v. Allard*, 320 F. Supp. 3d 927, 941 (W.D. Mich. 2018) (citation omitted). In addition to the facts set forth above, the Proposed Second Amended Complaint alleges that Gursten and Adams maintain a business relationship and have acted in concert to infringe upon the registered marks utilized by CURE. *See* Proposed SAC ¶¶ 241-246.

The Sixth Circuit has repeatedly stated that that the liberal amendment policy under Rule 15(a)(2) is intended to ensure that cases are decided on their merits rather than on technicalities. *See, e.g.*, *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) ("the thrust of Rule 15 is to reinforce the principle that cases should be

tried on their merits rather than technicalities of pleadings."); *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (same); *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (stating that Rule 15 is part of a "liberal policy of permitting amendments to ensure the determination of claims on the merits."). Granting CURE leave to amend its complaint at this early stage of the proceedings aligns with this principle and ensures that all relevant claims are properly adjudicated.

## II.    THERE IS NO UNDUE DELAY OR PREJUDICE.

"To deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'" *Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994). CURE has timely filed its motion for leave to amend prior to entry of a case management order and prior to the commencement of discovery in this matter. As such, there is no conceivable risk of undue delay or prejudice to any opposing party at this preliminary stage of the case.

## **CONCLUSION**

For the reasons set forth above, CURE respectfully requests that the Court enter an Order granting CURE leave to file the proposed Second Amended Complaint.

Respectfully submitted,

*/s/ Timothy A. Diemer*

Timothy A. Diemer
Nathan G. Peplinski
Samantha M. McLeod
**Jacobs and Diemer, P.C.**
211 West Fort Street, Suite 1400
Detroit, Michigan 48226
(313) 965-1900

*/s/ Anthony Argiropoulos*
Anthony Argiropoulos
Robert Lufrano
**Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC**
4365 Route 1 South, Suite 301
Princeton, New Jersey 08540
(609) 490-4860

*Attorneys for Plaintiff*
*Citizens United Reciprocal Exchange*